1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARAH KNAPP,                          )
                                      )
            Plaintiff,                )    Civ. No.  07-269-TC
                                      )
      vs.                             )
                                      )
                                      )
                                      )    FINDINGS AND RECOMMENDATION
                                      )
COMMISSIONER of Social Security,)
            Defendant.                )
_____)

Coffin, Magistrate Judge:

        Plaintiff, Sarah Knapp, seeks review of a final
decision of the Commissioner denying her application for Social
Security disability and Social Security Income (SSI) disability
benefits under 42 U.S.C. §§ 1381a and 1382c(a)(3)(A).  Before the
court is plaintiff's Complaint to Review Final Decision of
Commissioner (#1).  For the reasons that follow, I recommend that
the decision of the Commissioner be reversed and the matter
remanded for further proceedings.


                          Background
        Plaintiff applied for disability and SSI benefits, citing a

1 Findings and Recommendation

number of mental and physical complaints. After an ALJ determined that plaintiff was not disabled, she requested review by the Appeals Council and submitted new evidence, a neuropsychological report by Dr. Rory Richardson, in support of her request. Tr. 15-30; 11-14; 570-77. The Appeals Council denied review, rendering the ALJ's decision the final decision of the agency. Tr. 6-10.

Plaintiff, a 59-year-old woman with a high school education, alleged that her disability onset occurred on June 1, 2000. Tr. 588, 90, 29. The medical evidence includes evaluations by Robert Tilley, M.D. (11/19/04, 503-13), Teresa Dobles, Psy.D. (9/26/02, Tr. 241-53), Joseph Balsamo, Psy.D. (2/26/04, Tr. 552-57), and Rory Richardson, Ph.D. (3/06, Tr. 570-77). Plaintiff also testified concerning her limitations. The ALJ discounted portions of the medical evidence based in part on credibility determinations concerning plaintiff's physical and mental capabilities and ultimately determined that she is not disabled. Upon submitting additional evidence to the Appeals Council, plaintiff's claim was denied on the basis that the neuropsychological report was not inconsistent with the residual functional capacity found by the ALJ. Tr. 7.

Plaintiff disputes the ALJ's findings at steps two through five of the five-step sequential evaluation process used to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Because my recommendation to reverse and remand for further proceedings rests on the conclusion that the ALJ erred in its determination concerning plaintiff's severe impairments at step two and in its determination concerning

2 Findings and Recommendation

whether plaintiff's impairments meet or equal a listed impairment under three, my analysis focuses on those errors.

In plaintiff's view, the ALJ erred in failing to consider a number of items of medical evidence: plaintiff's bilateral hand limitations, her generalized anxiety disorder, her dementia secondary to trauma, bipolar disorder, and limitations assessed by Dr. Tilley.[1] Plaintiff further argues that the ALJ erred in failing to adequately engage the question whether her combined impairments are medically equal to any listed impairment. See 20 C.F.R. § 404.1526(a). I agree with plaintiff's assertions of error, and based on the following analysis, recommend reversal and remand.

## Medical Evidence

Dr. Dobles conducted a psychological and neurological examination in September, 2002. Dobles recorded plaintiff's self-reported childhood introduction to alcohol and drugs and later abusive relationships influenced by her substance abuse. Tr. 242. After unsuccessful treatments for alcoholism, plaintiff developed pancreatitis secondary to alcoholism in 1989 and thereafter achieved sustained remission from alcoholism. Tr. 242.

Dr. Dobles recorded plaintiff's responses to a number of psychological tests: Wechsler Adult Intelligence Scale-III,

---

[1] Plaintiff further asserts that the ALJ failed to include all of plaintiff's limitations in the step five inquiry. Because reversal is recommended based on error at steps two and three, and upon remand, the ALJ's determination at those steps would affect determinations at the subsequent steps, my analysis is focused in large part on the step-two and step-three error.

3 Findings and Recommendation

subtests from the Wechsler Memory Scales-Third Edition, Auditory Continuous Performance Test, Mesulam-Weintraub Cancellations Test, Trails A & B, Wisconsin Card Sorting Test, California Verbal Learning Test (Second Edition) Adult Version, Rey-Osterreith Complex Figure Drawing, Boston Naming Test, Hooper Visual Organization Test, Word Generation Test, Finger Tapping Test, 21 Item Test, Personality Assessment Inventory, Beck Depression Inventory, and Problem Behavior Inventory.  Tr. 243.

Dobles noted significant elevations across several scales of personality functioning and explained,

> Profiles of this sort are usually associated with marked distress and severe impairment in functioning. The configuration of clinical scales suggests a person with significant thinking and concentration problems accompanied by prominent agitation and distress.  It is likely that [plaintiff] has few, if any, close relationships as she feels anxious and threatened in such relationships.  She has poor social judgment and difficulty making decisions.

Tr. 246.

Dobles diagnosed plaintiff with a number of disorders: alcohol dependence in sustained full remission; other substance abuse in sustained full remission; panic disorder without agoraphobia; post-traumatic stress disorder; depressive disorder NOS; and, personality disorder NOS with features of borderline, antisocial, and dependent personalities.  Tr. 248.  She noted that plaintiff "displayed emotional deregulations during the test session" and despite an intact ability to perform activities of daily living and take on volunteer activities, "it is likely that the severity of her psychological symptoms would preclude her ability to maintain employment at this time." Tr. 247.  Dobles also concluded that plaintiff's motor speed was severely impaired

4 Findings and Recommendation

in both hands.  Tr. 251.

On Dobles's "Rating of Impairment Severity Report," she opined that plaintiff had marked limitations in social functioning and frequent deficits in concentration, persistence, and pace, that drug or alcohol abuse did not significantly contribute to her impairments, that the condition will last at least 12 months, and that her prognosis was poor.  Tr. 252-53. In a later revised form, Dobles opined that plaintiff has moderate limitations in concentration, persistence, or pace, and marked limitations in social functioning.  Tr. 254-55.

Dr. Basalmo examined plaintiff in February 2004.  Tr. 552-57.  He diagnosed Generalized Anxiety Disorder and Alcohol Dependence in full remission and recommended "that consideration for disability benefits be assessed primarily on possible physical dysfunction and secondarily on psychological factors." Tr. 556-57.

Dr. Richardson examined plaintiff in February and March 2006.  He noted "significant impairment in most of the Memory Scales," suggesting "substantial impairment in memory functions, specifically associated with Visual Processing."  Tr. 573-75. Plaintiff showed "definite indications of dyscalculia" on the Reitan Indiana Aphasia Screening test and a "valid profile of substantial psychopathology" on the MMPI-II.  She demonstrated "extremely elevated" post-traumatic stress scales at "T-Scores of 86 and 88 respectively" and "substantial elements suggesting that the level of intrusive psychiatric symptoms are severe enough to impact both work and family interactions."  Tr. 575.  According to The Millon Clinical Multiaxial Inventory-III, plaintiff

5 Findings and Recommendation

suffered from a "significant Anxiety Disorder with posttraumatic stress, chemical dependency and strong support for a Bipolar condition with elements of Thought Disorder significantly present." Richardson further reported, "Borderline personality symptoms are significantly supported with schizoid, avoidant, depressive, dependent and antisocial components. Self-defeating patterns are also indicated." Tr. 575.

Richardson summarized,

> Based on this evaluation, there does appear to be indications that [plaintiff] does suffer from a dementia condition specifically impairing Visual Memory, which is most likely secondary to head trauma. There appears to be significant issues that would also support the concomitant presence of cyclic mood disturbance, consistent with Bipolar Disorder, obsessive-compulsive symptomatology with multiple features which further complicate extremely severe multi-trauma Post Traumatic Stress Disorder. The level of chemical dependence is severe; however, she appears to be in remission at this time. Her level of recovery appears stable. She does not appear to have substantial difficulty with maintaining her recovery, as long as she maintains active involvement with a 12-Step Program and her recovery activities. The severity of post traumatic stress is such that based on the examination and interview, dissociative components are extremely likely and would interfere with ability to function in situations where flashbacks may be triggered. Her emotional presentation is that of an individual that is extremely fragile. The cyclic mood patterns could be one of the reasons why she has been unable to effectively control the symptomatology. The level of flashbacks and nightmares are significant enough that treatment using an anti-psychotic medication to reduce flashbacks and nightmares would be appropriate. Consideration of medication that would help with reducing mood swings and treating a Bipolar condition would be appropriate. Because of the disclosures of the relatively recent practice of bulimia, the diagnosis of the Bulimia Nervosa appears to be appropriate. . . .

> DIAGNOSIS
> DSM-IV-TR Axis I:294.1    Dementia, Secondary to
>                          Trauma, Specifically

6 Findings and Recommendation

|            |          | Impacting Visual Memory and  Short Term Memory, and Working Memory. |
|------------|----------|--------------------------------|
|            | 314.9    | Attention-Deficit Hyperactivity Disorder, NOS. |
|            | 309.81   | Post Traumatic Stress Disorder. |
|            | 296.80   | Bipolar Disorder, NOS. |
|            | 301.21   | Panic Disorder With Elements of Mild Agoraphobia. |
|            | 303.90   | Alcohol Dependency in Remission. |
|            | 304.80   | Polysubstance Dependence in Remission. |
|            | 307.51   | Bulimia Nervosa, Currently Active. |
|            | 307.47   | Dyssomnia, NOS, Possibly Secondary to Other Differentials. |
| Axis II:   | 301.83   | Borderline Personality Disorder. |

Tr. 575-76.

Plaintiff also underwent a physical examination by Dr. Robert Tilley in November 2004.  Tr. 503-13.  Concerning plaintiff's physical capacities, he opined that plaintiff could perform fine manipulation frequently and could ambulate or stand for an hour at a time, up to four hours of ambulation and six hours of standing during an eight-hour day.  Tr. 508-09.  He further opined that she occasionally balance, occasionally lift or carry less that ten pounds, but could never climb, kneel, push, pull, or crawl.  Tr. 509.

## Discussion

As noted above, plaintiff disputes the ALJ's finding at step two of the five-step sequential evaluation process.  There, the ALJ found that plaintiff has the following "severe" impairments:

7 Findings and Recommendation

3.   The claimant has severe impairments including degenerative disc disease; a depressive disorder; post traumatic stress disorder; a personality disorder, not otherwise specified; and a substance addiction disorder, in sustained remission.

Tr. 29.

In plaintiff's view, the ALJ improperly rejected a number of pieces of medical evidence, and that error infected the ALJ's analyses at steps two through five. The court agrees. The ALJ disregarded Dr. Dobles's opinion that plaintiff suffered severe impairment of motor speed in both hands, consistent with other medical evidence in the record establishing that plaintiff has carpal tunnel syndrome on the right and left sides. Tr. 338-40, 367, 398. The ALJ also omitted from consideration Dr. Dobles's opinion that plaintiff has panic disorder without agoraphobia, Dr. Basalmo's opinion that plaintiff has a generalized anxiety disorder, and Dr. Richardson's opinion that plaintiff has dementia secondary to trauma, specifically impacting visual memory, short term memory, and working memory, and bipolar disorder NOS. Tr. 248, 556. The record does not reveal reasons for the ALJ's rejection of these doctors' opinions, as required under Lester v. Chater, 81 F.3d 821 (9th Cir. 1995).

In addition, a review of the record indicates that the ALJ failed to provide reasons for rejecting evidence from Dr. Tilley concerning plaintiff's limitations with respect to fine manipulation, lifting and carrying, and ambulating. For example, contrary to the ALJ's RFC finding, which stated that plaintiff could stand and walk up to a total of six hours in a work day, Dr. Tilley concluded that plaintiff could stand for an hour at a time

8 Findings and Recommendation

up to four hours.[2]  Tr. 29.  Further, the ALJ did not restrict plaintiff to being able to perform frequent (as opposed to constant) fine manipulation, in contrast to Dr. Tilley's conclusion.[3]

Finally, the ALJ failed to include any discussion of whether impairments otherwise omitted from consideration combined with determined impairments equal a listed impairment.  The ALJ's cursory conclusion that "claimant's impairments, severe and non severe, considered singly and in combination, are not attended by medical findings which meet or equal" a listed impairment," Tr. 20, does not itemize impairments that would permit this court's review in the question whether that conclusion is supported by substantial evidence or a correct application of relevant law.  See Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) ("in determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments").

---

[2]The ALJ summarized evidence indicating that plaintiff exaggerated certain symptoms, and noted that Dr. Tilley reported that plaintiffs' difficulty with ambulation appeared "somewhat put on." However, the record is unclear on the question whether the ALJ rejected Dr. Tilley's ultimate findings concerning her ability to ambulate on that basis, and specifically why the ALJ's findings concerning ambulation differed from those of Dr. Tilley.  Even while explaining that Dr. Tilley's assessment was "not supportive" of plaintiff, he noted "the opinion of Dr. Tilley has been substantially relied upon in the assessment of the claimant's physical residual functional capacity as set forth above."  Tr. 25, 27.

[3]The Commissioner argues that a "basic reading" of the ALJ's RFC finding accommodates the apparently rejected evidence.  Def. Br. 13.  I do not see how the ALJ's determinations concerning lifting and reaching limitations, work restrictions, and limitations concerning interactions with the public address the neglected medical evidence.

9 Findings and Recommendation

As plaintiff explains, the omitted diagnoses require the ALJ's further consideration in determining the extent and nature of plaintiff's impairments, and whether plaintiff is disabled. For that reason, I recommend that the decision of the Commissioner be reversed and the matter remanded for further proceedings.

## Conclusion

For the foregoing reasons, I recommend that the decision of the Commissioner be reversed and the case remanded for further proceedings.

Dated this ___ day of February, 2008.

THOMAS COFFIN
United States Magistrate Judge

10 Findings and Recommendation